RECEIVED
IN ALEXANDRIA, LA
AUG 5 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DONNA WRIGHT, et al | CIVIL ACTION   09-0568 |
| VERSUS | U.S. DISTRICT JUDGE DEE DRELL |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

### Report and Recommendation on Motion to Remand

Before the court is plaintiffs' motion to remand, **Doc. #15**, referred to me by the district judge for report and recommendation.

Plaintiff sues for injuries she and her husband and children suffered in an automobile accident which occurred when an oncoming driver encroached in plaintiff's lane of travel. At the time of the accident, plaintiff was operating her employer's vehicle insured by Travelers Property Casualty Company of America (Travelers). Plaintiff filed suit in LaSalle Parish Louisiana against Travelers and against Progressive Insurance Company (Progressive), which is her personal insurance carrier, both under the uninsured motorist coverage of the policies. Plaintiff claims that the adverse driver was underinsured. Travelers timely removed the case to this court claiming that plaintiffs and Travelers are diverse and that Progressive, a Louisiana company was "fraudulently joined". Specifically, Travelers asserts that Progressive can have no liability to the plaintiffs because its policy is excess to the Travelers policy (because the Travelers policy insured the vehicle involved in the accident) and the Travelers policy provides

1

coverage of one million dollars, far more than could be awarded in this case for the injuries alleged.

Plaintiffs have filed this motion to remand the case and assert that 1) Travelers takes the citizenship of its insured under 28 USC §1332(c)(1) and is thus not diverse, and 2) regardless whether their claims exceed the million dollar limits of the Travelers policy, they are entitled to recover from Progressive, as plaintiffs' personal policy, the amount of lost wages and medical expenses incurred, irrespective of the fact that workers compensation has already paid those claims.

As to the first argument, plaintiff cites cases from other jurisdictions interpreting 28 USC §1332 to apply to uninsured motorist insurance by concluding that an action for uninsured motorist insurance is a "direct action" against a liability insurer within the meaning of the statute. However, numerous cases within this Circuit have held otherwise. See, for example, Thomas v. Pace, 2008 WL 4091674 (E.D. La. 2008), citing Hernandez v. Travelers Ins. Co., 489 F.2d 721, 725 (5th C. 1974) ("... an uninsured motorists policy is not a 'policy or contract of 'liability insurance "). We are bound to follow 5th Circuit precedent. Therefore, Travelers does not assume the domicile of its insured in this case and is diverse.

Plaintiff's second argument also fails. First, I note that plaintiff does not disagree that the Travelers policy is primary, nor does she contest Travelers' assertion that the plaintiffs' damages, in the form of healed serious fractures to the foot with $60,488 in medical expenses, will not exhaust the Travelers policy limits of one million dollars. Plaintiff argues though, that she can nevertheless recover from Progressive for her lost wages and medical expenses already paid by workers compensation regardless of the total amount of damages.

As counsel have pointed out, however, since this motion has been pending, the Louisiana Supreme Court has foreclosed this argument by holding that the workers compensation carrier and the uninsured motorist carrier under a private policy of UM insurance are solidarily bound and, therefore, the UM carrier is entitled to a credit for the amounts paid by the worker compensation carrier. Cutsinger v. Laura Redfern, et al, 2008-C-2607 (La. 5/22/09). In this case, then, plaintiff may not recover from Progressive her lost wages and medical expenses paid by the workers compensation carrier. Because there is no reasonable possibility of recovery against Progressive, Progressive is improperly joined and should be dismissed. Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

There is complete diversity between the only properly joined parties, the plaintiffs on the one hand, and Travelers on the other. Therefore, IT IS RECOMMENDED that the motion to remand be denied.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 5th day of August, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE